# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| TERESA ANNETTE WILLIAMS ]<br>    Plaintiff,                             ]<br>                                              ]<br>v.                                         ]<br>                                              ]<br>COOKEVILLE POLICE DEPARTMENT ]<br>    Defendant.                          ] | NO. 2:17-cv-00006<br>JUDGE CRENSHAW |

# **M E M O R A N D U M**

The Plaintiff, proceeding *pro se*, is a resident of Cookeville, Tennessee. She brings this action pursuant to 42 U.S.C. § 1983 against the Cookeville Police Department, seeking injunctive relief and damages.

The Plaintiff claims that the defendant has placed falsified criminal charges in her record which appear when potential employers run a background check on her. She believes that this is a violation of her constitutional rights and wants the falsified charges expunged from her record.

To establish a claim for § 1983 relief, the Plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived her of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A local police department is not a "person" subject to liability under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the Complaint as an attempt to state a claim against the City of Cookeville, the entity responsible for the operation of the Cookeville Police Department.

1

However, for the City of Cookeville to be liable, the Plaintiff would have to allege and prove that her constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the city. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the Complaint.

Therefore, the Plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the Complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE